In the Matter of CAROLYN A. SCALONE, an Infant, by Rocco J. SCALONE, Her Guardian ad Litem, Petitioner, against WARREN STEINERT et al., Doing Business as D & D TEXACO SERVICENTER, Respondents.

Supreme Court, Special Term, Queens County, September 6, 1955.

*Samuel Rothman* for petitioner.

*Benjamin F. Raines* for respondents.

PETTE, J. By this special proceeding, instituted by petition and order to show cause, the infant petitioner seeks an order declaring null and void a lien allegedly held by the respondents on a motor vehicle, and staying the sale of the car pending the determination of this proceeding.

On May 20, 1954, the petitioner purchased a new automobile for $2,100 from a corporation which is not a party to this proceeding. The seller gave her an unconditional guaranty for ninety days. Apparently the car's performance was not satisfactory to the petitioner who alleges that it emitted large clouds of smoke and consumed excessive amounts of oil. After bringing it back to the sales agency several times to have the trouble corrected and still not getting satisfactory results, the petitioner, on September 7, 1954, and while she was still an infant, elected to disaffirm her contract because of her infancy. She returned the car to the seller and demanded the return of her money. An action has since been brought by her against the sales agency which is presently pending in the Supreme Court.

A few days after the petitioner had returned the car to the sales agency she went back to remove her license plate and was informed that the sales agency had delivered the car to the respondents to have the motor honed. Petitioner thereupon went to respondents' garage and, after removing her license plate, informed the garageman that she had not ordered any repairs.

Respondents allege that the car was turned over to them by the sales agency for repairs on September 1, 1954; that they installed new rings for which they were paid $75 by the sales agency; that on September 7, 1954, petitioner's father came to their place of business and inquired what repairs had been made; that when he was advised that new rings had been installed, he stated that petitioner was entitled to a new engine. He then removed the license plate from the car.

On October 1, 1954, respondents requested the sales agency to remove the car from their garage since the space available for storage is only fifteen by thirty feet. The sales agency disclaimed any further interest in the car, stating that it had fulfilled any obligation on its part having paid for a major repair beyond the guaranty period of 4,000 miles and ninety days. Respondents then requested the petitioner to remove the car, but she also refused claiming that the car now belonged to the sales agency.

After the lapse of several months, with neither party willing to remove the car, respondents were advised by their attorney to foreclose their lien. (Lien Law, §§ 184, 200 *et seq.*) Respondents made no charge for storage for the first three weeks after repairing the car, but they claimed a lien from October 2, 1954, for storage at the rate of $1 per day and for servicing, such as lubricating, winterizing, etc., at the rate of $5 per month.

Respondents advertised the sale and gave notice thereof both to the petitioner and to the sales agency. The order to show cause, by which this proceeding was commenced, however, contained a stay of the sale.

When an infant disaffirms a purchase of personal property title to the property reverts to the prior owner. This rule is clearly set forth in Williston on Contracts (Rev. ed., Vol. 1, § 237, p. 699) as follows: '' When an infant exercises his power by rescinding a purchase of personal property that is still in his possession, the title and right to the goods are restored to the original status as if no sale had taken place. * * * If an infant while still a minor disaffirms a purchase made by him and restores the property, he cannot thereafter reclaim it on the ground that he avoids his disaffirmance.'' (See, also, 1 Williston on Sales [Rev. ed.], § 18, p. 40.)

It follows that when the infant petitioner rescinded the contract on September 7, 1954, title to the car reverted to the sales agency. Under such circumstances, the infant no longer has any rights in the car and whether respondents foreclose their lien or not is of no concern to her.

Accordingly, the application to declare respondents' lien null and void and to stay them from foreclosing it is denied and the petition dismissed. Submit order.